UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY WALKER, et al.,

        Plaintiff(s),

v.                                                  Case No. 19-C-302

CAR CREDIT CENTER, INC. et al.,

        Defendant(s).

## ORDER REGARDING MEDIATION/SETTLEMENT CONFERENCE

On March 3, 2020, United States District Court Chief Judge William C. Griesbach referred the above-captioned action to this court, advising that all parties have authorization to mediate disposition of the action. Based on this referral,

**IT IS HEREBY ORDERED** that:

1. This court will conduct a mediation/settlement conference on **June 23, 2020 at 10:00 a.m.** in Room 201, Jefferson Court Building, 125 S. Jefferson St., Green Bay, Wisconsin.

    Pursuant to the order of United States District Court Chief Judge Griesbach, the mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2. In addition to counsel who will try the case being present, a person with full settlement authority must likewise be present at the conference. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party. This requirement contemplates having a person present who can settle the case during the course of the conference without consulting a superior.

3. <u>Pre-Settlement Conference Demand and Offer</u>.  A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals.  Consequently, prior to the conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives.

   In addition, on or before **June 8, 2020** plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate.

   On or before **June 12, 2020** defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

   On occasion, this process will lead directly to a settlement.  If settlement is not achieved, then on or before **June 16, 2020** plaintiff's counsel shall submit these settlement demand/offer letters <u>directly to my attention</u> by e-mail to <u>wied_clerks_gb@wied.uscourts.gov</u> in PDF format.  Because these settlement demand/offer letters will not be a part of the court record in this case, they **are not to be electronically filed**.  However, copies are to be provided promptly to all counsel of record.

4. In addition, on or before **June 16, 2020** a mediation/settlement conference statement of each party must be submitted directly to my attention by e-mail to <u>wied_clerks_gb@wied.uscourts.gov</u> in PDF format. This statement should set forth the relevant positions of the parties concerning issues of fact, issues of law, damages, and the settlement negotiation history of the case.  Because this mediation/settlement conference statement will not be a part of the court record in this case, it **is not to be electronically filed.**  However, copies of the mediation/settlement conference statement are to be promptly transmitted to all counsel of record.  The mediation/settlement conference statement shall not exceed five pages in length.

5. Accompanying each party's mediation/settlement statement to the court shall be a separate ex parte letter to the court indicating the minimum requirement (or, if applicable, maximum condition) of the party for which they would be willing to settle, including damages and attorneys' fees.  This statement is kept confidential.  The ex parte letter **is not to be electronically filed** and shall be submitted <u>directly to my attention</u> by e-mail to <u>wied_clerks_gb@wied.uscourts.gov</u> in PDF format.

6. The purpose of the mediation is to permit an informal discussion between the attorneys and parties on all aspects of the lawsuit that bear on settlement. To promote a full and open discussion, communications occurring during the mediation/settlement conference cannot be used by any party with regard to any aspect of this litigation.

7. For questions regarding mediation, contact the Office of the Clerk at (920) 884-3721.

**SO ORDERED** on March 27, 2020.

                                            s/ James R. Sickel
                                            James R. Sickel, Magistrate Judge
                                            United States District Court